UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SULTAN HAMEED, individually and on behalf of those similarly situated,

    Plaintiffs,

  v.

IHOP FRANCHISING, LLC; IHOP PROPERTIES, LLC; INTERNATIONAL HOUSE OF PANCAKES, INC.; IHOP RESTAURANTS, INC.; IHOP PROPERTIES, INC.; DINEEQUITY, INC.; AND DOES 1-1500,

    Defendants.

No. 2:10-cv-02276-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff Sultan Hameed brings suit on behalf of himself and other similarly situated franchisees (hereinafter, "Plaintiff") pursuant to California Code of Civil Procedure § 382. (ECF No. 1, Ex. 1.) Plaintiff alleges several violations against Defendants IHOP Franchising, LLC, Dineequity, Inc., IHOP Properties, LLC, and International House of Pancakes, Inc. (collectively "IHOP," and hereinafter "Defendants"), including unjust enrichment, statutory violations, accounting, and breach of contract.

1

Plaintiff is seeking monetary damages and equitable and declaratory relief.  Defendants removed the case from the Superior Court of the State of California for the County of Sacramento to this Court pursuant to the Class Action Fairness Act of 2005[1] ("CAFA").

Defendants have filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)[2], and a Motion to Strike Improper Requests For Relief pursuant to Rule 12(f).  (ECF. No. 7.)  Plaintiff filed an opposition to those motions.  (ECF No. 11.)  For the reasons set forth below, Defendants' Motion to Dismiss is granted in part and denied in part.  Defendants' Motion to Strike is denied as moot.[3]

## BACKGROUND[4]

Plaintiff's complaint alleged that Defendants violated state law in relation to his management of an IHOP franchise restaurant.

---

[1] CAFA requires that (1) the proposed class consists of 100 or more members; (2) the parties are minimally diverse; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; and (4) the exceptions to CAFA preventing removal do not apply.  See 28 U.S.C. §§ 1332(d) and 1453(b).

[2] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

[3] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[4] The factual assertions in this section are based on the allegations in Plaintiff's Complaint (ECF No. 1, Ex. 1) unless otherwise specified.

2

On or about July 8, 1998, Plaintiff entered into a 25-year Franchise Agreement, Equipment Lease, and Property Sublease with Defendants, whereby Plaintiff agreed to operate an IHOP restaurant in Sacramento.  Plaintiff has fulfilled, and continues to fulfill, all obligations under the terms of all three agreements.

Under the terms of the Franchise Agreement, Plaintiff is required to refurbish or remodel the restaurant at his sole cost every five years.  Thus, Plaintiff has replaced virtually all of the equipment Defendants initially provided him, and either owns the restaurant's current equipment outright, or leases it from third parties not parties to this suit.  Regardless, Defendants have required Plaintiff to pay $740.00 per week agreed to under the terms of the Equipment Lease signed in 1998, and have refused to renegotiate the lease's terms.

Pursuant to ¶ 7.01(b) of the Franchise Agreement, Plaintiff has made weekly contributions to Defendants for advertising services.  Defendants are obligated under ¶ 7.01(d)(iii) of the Franchise Agreement to provide documentation accounting how the advertising funds have been used or disbursed.  Plaintiff has not received the proper, required accounting of the use or disbursement of these advertising funds.

As an IHOP franchisee, Plaintiff is eligible for participation in IHOP's Development Impact Assistance Program ("DIAP").  The DIAP provides monetary aid to an affected existing franchisee when a new IHOP restaurant opens in a specified proximity to the existing restaurant.  Plaintiff qualified for, but was denied eligibility in the DIAP due to discriminatory practices by Defendants.

1  As part of the franchise deal, Plaintiff entered into the
2 Sublease Agreement for rental of the restaurant premises.  The
3 terms of the agreement obligate Plaintiff to pay the real estate
4 property taxes and assessments on the franchise property.  In
5 March 2008, the real property upon which the restaurant rests was
6 sold to a third party not a party to this suit, while Defendants
7 remained the sublessor under Plaintiff's sublease
8 ("sale/leaseback").  A "New" Master Lease reflected the March
9 2008 sale.  Due to the sale, real estate taxes on the property
10 more than doubled.  Defendants passed-through the increased taxes
11 to Plaintiff, in violation of the implied covenant of good faith
12 and fair dealing.

**STANDARD**

**A.   Motion to Dismiss under Rule 12(b)(6)**

A party may seek dismissal of a claim if the pleadings are insufficient because they fail to state a claim upon which relief may be granted.  On a motion to dismiss for failure to state a claim under Rule 12(b)(6), "all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

///

1    Although "a complaint attacked by a Rule 12(b)(6) motion to
2 dismiss does not need detailed factual allegations, a plaintiff's
3 obligation to provide the grounds of his entitlement to relief
4 requires more than labels and conclusions, and a formulaic
5 recitation of the elements of a cause of action will not do."
6 Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
7 citations and quotations omitted).  "Factual allegations must be
8 enough to raise a right to relief above the speculative level."
9 Id. (citing 5 C. Wright & A. Miller, Federal Practice and
10 Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain
11 something more...than...a statement of facts that merely creates
12 a suspicion [of] a legally cognizable right of action.")  If the
13 "plaintiffs...have not nudged their claims across the line from
14 conceivable to plausible, their complaint must be dismissed."
15 Twombly, 550 U.S. at 570.

16    If the court grants a motion to dismiss, it must then decide
17 whether to grant leave to amend.  Rule 15(a) authorizes the court
18 to "freely give[]" leave to amend when there is no "undue delay,
19 bad faith[,] dilatory motive on the part of the movant,...undue
20 prejudice to the opposing party by virtue of...the amendment,
21 [or] futility of the amendment...."  Foman v. Davis, 371 U.S.
22 178, 182 (1962).  Generally, leave to amend is only denied when
23 it is clear that the deficiencies of the complaint cannot be
24 cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957
25 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v.
26 Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).
27 ///
28 ///

**B.   Motion to Strike Under Rule 12(f)**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)(rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994))(internal citations and quotations omitted). Matter that is impertinent "consists of statements that do not pertain, and are not necessary, to the issues in question," Id. (internal citations and quotations omitted).

**ANALYSIS**

Plaintiff brings suit on behalf of himself and others similarly situated, alleging unjust enrichment, statutory violations, accounting, and breach of contract. The issues before the Court are (1) whether to dismiss the claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted; and (2) whether to strike improper requests for relief under Rule 12(f).
///

**A.    Motion to Dismiss under Rule 12(b)(6)**

**1.    First Cause of Action - Unjust Enrichment**

As a threshold matter, the law is settled that unjust enrichment is not a cognizable claim under California law.[5] <u>Walker v. USAA Cas. Ins. Corp.</u>, 474 F. Supp. 2d 1168 (E.D. Cal. 2007) (quoting <u>Melchior v. New Line Prods., Inc.</u>, 106 Cal. App. 4th 779, 794 (2003)).  Therefore, Defendants' Motion to Dismiss Plaintiff's unjust enrichment claim should be granted.

**2.    Second Cause of Action - Violation of UCL[6]/Equipment Lease**

Plaintiff argues that Defendants are in violation of the UCL because Plaintiff continues to owe $740.00 per week under the terms of the Equipment Lease, even after replacing Defendants' equipment with equipment that Plaintiff either owns outright or leases from a third party not a party to this suit.  Defendants argue that a cause of action for unfair business practices must be brought within "four years after the cause of action accrued." (Defs.' Mot. Dismiss p. 9 (citing <u>Aryeh v. Canon Bus. Solutions, Inc.</u>, 185 Cal. App. 4th 1159, 1165 (2010) (internal citations omitted).)

---

[5] While Plaintiff additionally argues that "continued collection by IHOP of payments for equipment" that Defendant (IHOP) no longer owns, is unconscionable and wholly illusory, he does not address this complaint as an independent cause of action and as such is not addressed here.

[6] "UCL" refers to the California Business & Professions Code ("Cal. Bus. & Prof. Code") § 17200 *et seq*.  The UCL defines unfair competition as "any unlawful, unfair or fraudulent business act or practice."  <u>Id.</u> § 17200.

7

1  The tolling act for the statute of limitations under the UCL is
2  unsettled law in California.  Courts have ruled that the statute
3  of limitations begins to run when the "defendant's conduct
4  occurs, not when plaintiff learns about the conduct." Aryeh, 185
5  Cal. App. 4th at 1165.  Other courts have ruled that the accrual
6  action is when "a reasonable person would have discovered the
7  factual basis for a claim." Broberg v. Guardian Life Ins. Co. Of
8  Am., 171 Cal. App. 4th 912, 920-21 (2009).  The law is similarly
9  unsettled in California District Courts.  Compare MediMatch, Inc.
10 V. Lucent Tech. Inc., 120 F. Supp. 2d 842, 861 (N.D. Cal. 2000)
11 (finding the statute of limitations begins at the time of
12 defendant's conduct), with Intermedics, Inc. v. Ventritex, Inc.,
13 822 F. Supp. 634, 640 (N.D. Cal. 1993) (applying California's
14 "discovery rule," where the statute of limitations is calculated
15 from the point at which the plaintiff has actual and constructive
16 knowledge of the breach of contract).

17      Here, Plaintiff has pled enough facts to suggest an
18 unlawful or unfair business practice may have occurred.  However,
19 the record contains no specific information about replacing the
20 franchise's equipment.  If the statute of limitations accrues
21 from the commencement of Defendants' conduct (signing the
22 contract on or about July 8, 1998), then Plaintiff is time-barred
23 from raising the cause of action.  If the statute of limitations
24 accrues from the time Plaintiff discovered the harm, then the
25 factual record is incomplete and the Court cannot properly assess
26 the viability of the claim.
27 ///
28 ///

The record provides no detailed information regarding the extent and timing of Plaintiff's actions in replacing the restaurant equipment, nor when he discovered the harm alleged.  Therefore, Defendants' motion is granted with respect to the Second Cause of Action.

### 3.     **Third Cause of Action - Accounting**

Plaintiff requests an accounting of Defendants' books and records regarding the National Advertising Fund pursuant to ¶ 7.01(b) of the Franchise Agreement.  Through an accounting, Plaintiff seeks "to establish whether advertisement funds have been administratively segregated and whether they have been properly utilized for permitted advertising uses." (Compl. ¶ 65.) Defendants argue that because "Plaintiff has not plead that he is owed anything which can only be ascertained by an accounting," this cause of action fails as a matter of law. (Defs' Mot. Dismiss p. 6.)  An action for an accounting is appropriate "to discover what, if any, sums are owed to the plaintiff....All that is required is that some relationship exists that requires an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179-80 (2009).  An accounting "is not amenable to...summary adjudication upon a showing that the plaintiff does not possess and cannot reasonably obtain the evidence needed to compel the accounting," as the Defendant attempts to do here.  Id. at 180.
///
///
///

Since a franchisor/franchisee relationship exists, and Plaintiff has pled facts that appear to require an accounting by Defendants, Plaintiff has pled enough facts to sustain a claim for relief.  Defendants' Motion to Dismiss as to an accounting is denied.

### 4.  Fourth Cause of Action - Violation of UCL/DIAP

Plaintiff claims he was discriminated against when Defendants denied him benefits under the DIAP, in violation of the UCL.  While the statute defines unfair competition as "any unlawful, unfair or fraudulent business act or practice ..." (See supra, n.6), Defendants claim that Plaintiff has not alleged any unlawful, fraudulent or unfair business act or practice, nor did he state with reasonable particularity the facts supporting the statutory elements of the violation. (Defs.' Mot. Dismiss pp. 8, 12.)  There appears to be a gap in the factual record between the Franchise Agreement and Plaintiff's allegations.  Plaintiff refers to the DIAP's terms and conditions, but provides no evidence of Defendants' representations regarding their decision to reject his DIAP application.  As a smaller franchise, Plaintiff alleges that he suffered from Defendants' discrimination when deciding who was eligible for the DIAP.  However, Plaintiff offers no evidence of the alleged discrimination against smaller franchises.  Without more, the Court cannot determine Defendants' legal obligation regarding the DIAP, when Plaintiff became eligible for the program's benefits, and if or when he was denied those benefits.

10

Defendants' Motion to Dismiss with regard to Plaintiff's fourth claim of unfair competition law is granted.

### 5. Fifth Cause of Action - Breach of Contract/Property Sublease

Due to the purported sale of the property upon which the franchise rests, real estate taxes more than doubled. Defendants passed-through the increased taxes to Plaintiff, in violation of the implied covenant of good faith and fair dealing. Specifically, Plaintiff argues that the subordination clause provision at ¶ 9.1 prohibits the increased real estate taxes pass-through to Plaintiff because it materially increased his obligation under the lease.

Here, Plaintiff pleads that a subordination clause in the Franchise Agreement prohibits a material increase in his obligation under the property sublease, yet his real estate tax obligation more than doubled after the March 2008 sale/leaseback. Since Plaintiff has pled sufficient facts to sustain a claim for breach of contract, Defendants' Motion to Dismiss on this cause of action is denied.

### 6. Sixth Cause of Action - Violation of UCL/Property Sublease

Plaintiff alleges Defendants violated their duty to refrain from illegal, fraudulent misleading, deceptive, unconscionable, or unfair business practices prohibited by the UCL. (See supra, n.6.)

///

11

According to Plaintiff, the increased property tax obligations are "contrary to the terms of the agreements in question," (including a "New" Master Lease entered into after the sale/leaseback in 2008).  Also, he was "deceived in that IHOP Defendants represented in their agreements that there were terms forbidding this practice."  Defendants claim that Plaintiff has not alleged any unlawful, fraudulent or unfair business act or practice, nor is there any basis under the UCL to rewrite the Property Sublease.  (Defs' Mot. Dismiss pp. 11, 13.)  Defendants also argue that Plaintiff has not alleged that a new lease was entered into as of 2008 (Id. at 7.), and even if they did enter into a new lease, any violations of the UCL are time-barred. (Defs.' Reply Supp. Mot. Dismiss pp. 3-5.)

By alleging that a material increase in property tax obligation violates the terms of his agreement with Defendants, Plaintiff has pled sufficient facts to suggest an unlawful or unfair business practice may have occurred.  However, the record contains little or no information about when Plaintiff entered into a new lease and the terms of that lease.  (See Analysis, supra, Part 1.B.)  Without more, the Court cannot determine when the statute of limitations will run for this claim.  Defendants' Motion to Dismiss is granted.

**7.    Seventh Cause of Action - Declaratory Relief**

Plaintiff, on behalf of the class, desires a judicial determination that:
///

12

> (1) the Equipment lease provisions are unenforceable as to any equipment no longer subject to the standardized Equipment Leases; (2) subleases for IHOP properties are unenforceable as to payments for increased property tax obligations that "passed through" to Plaintiff(s) as a result of the sale/leaseback transactions; (3) IHOP is required to provide franchisees with an accounting of how National Advertising funds have been used or disbursed; and (4) IHOP must administer its DIAP uniformly as to all franchisees and per industry standards.

(Compl. ¶105.) Defendants argue that this relief is duplicative of the other six claims, citing Jensen v. Quality Loan Serv. Corp., No. 09-CV-01789, 2010 WL 1136005, at *4 (E.D. Cal. March 22, 2010) ("[W]here a plaintiff has alleged a substantive cause of action, a declaratory relief claim should not be used as an unnecessary and superfluous 'second cause of action for the determination of identical issues' subsumed within the first.") (internal citation omitted). (Defs.' Mot. Dismiss p. 14.)

Likewise, in Eugene N. Gordon, Inc. v. La-Z-Boy, Inc., 2007 WL 1101456 at *4-5 (E.D. Cal. 2007), this Court ruled that "a separate claim for declaratory relief is duplicative of Plaintiff's breach of contract claim because the Court must interpret the contract and resolve the underlying contractual dispute to determine if declaratory relief is appropriate." Since Plaintiff's requested relief is duplicative of his causes of action, Defendants' Motion to Dismiss on this claim is granted.

**B.   Motion to Strike under Rule 12(f)**

Defendants' Motion to Strike asks the Court to disallow Plaintiff's request for restitution and disgorgement as relief for Defendants' failure to allow Plaintiff participation in DIAP.

13

Since Defendants' Motion to Dismiss this cause of action is granted, see Analysis, supra, Part 1.B., Defendants' Motion to Strike is moot.

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss (ECF No. 7) is GRANTED with leave to amend as to Rule 12(b)(6) for the First, Second, Fourth, Sixth and Seventh Causes of Action; and DENIED as to the Third and Fifth Causes of Action. Defendants' Motion to Strike (ECF No. 7) is DENIED as moot. Plaintiff may file an amended complaint not later than twenty (20) days after this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, the Court will dismiss Plaintiff's claims without further notice and without leave to amend.

The parties shall exchange their Rule 26(f) initial disclosures, and file their Joint Status Report, no later than 30 days of the electronic filing of this order.

IT IS SO ORDERED.

Dated: October 28, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

14