UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SULTAN HAMEED, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IHOP FRANCHISING, LLC; IHOP PROPERTIES, LLC; INTERNATIONAL HOUSE OF PANCAKES, INC.; IHOP RESTAURANTS, INC.; IHOP PROPERTIES, INC.; DINEEQUITY, INC.; and DOES 1-1500,<br><br>Defendants. | No. 2:10-cv-02276-MCE-CMK<br><br>MEMORANDUM AND ORDER |

Plaintiff Sultan Hameed brings suit on behalf of himself and other similarly situated franchisees (hereinafter, "Plaintiff") pursuant to California Code of Civil Procedure § 382. (ECF No. 18.) Plaintiff alleges several violations against Defendants IHOP Franchising, LLC, Dineequity, Inc., IHOP Properties, LLC, and International House of Pancakes, Inc. (collectively, "IHOP" and hereinafter, "Defendants"), including unfair competition, accounting, and breach of contract.

1

Plaintiff is seeking monetary damages and equitable relief. Defendants removed the case from Sacramento County Superior Court to this Court alleging that all requirements for federal jurisdiction under the Class Action Fairness Act of 2005[1] ("CAFA") have been met.  (ECF No. 18.)  Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)[2] and a Motion to Strike Improper Requests For Relief pursuant to Rule 12(f).  (ECF No. 21.)  Plaintiff has filed a timely opposition.  (ECF No. 25.)

For the reasons set forth below, Defendants' Motion to Dismiss is granted.  Defendants' Motion to Strike is denied as moot.  (ECF No. 28.)  Plaintiff's Ex Parte Application to Extend Page Limitation is denied as moot.  (ECF No. 31.)[3]

///
///
///
///
///
///

---

[1] CAFA requires that (1) the proposed class consists of 100 or more members; (2) the parties are minimally diverse; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshhold; and (4) the exceptions to CAFA preventing removal do not apply.  See 28 U.S.C. §§ 1332(d) and 1453(b).

[2] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

[3] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

**BACKGROUND**[4]

Plaintiff alleges violations under state-law causes of action relating to Plaintiff's operation of an IHOP franchise restaurant.  On or about July 8, 1998, Plaintiff entered into a twenty-five-year Franchise Agreement, Equipment Lease, and Property Sublease with Defendants, whereby Plaintiff agreed to operate an IHOP restaurant in Sacramento.  Plaintiff has fulfilled, and continues to fulfill, all obligations under the terms of all three agreements.

Under the terms of the Franchise Agreement, Plaintiff is required to refurbish or remodel the restaurant at his sole cost every five years.  Additionally, the terms of the Sublease between Plaintiff and Defendants require Plaintiff to replace, at his sole cost, any equipment as prescribed by a government agency.  (First Am. Compl., Ex. B at ¶ 3.1.)  Ten years into the agreement, on or about 2008, Plaintiff had replaced virtually all of the equipment initially provided by Defendants.  Plaintiff now either owns the restaurant's current equipment outright, or leases it from third parties who are not a party to this suit.  Regardless, Defendants have required Plaintiff to continue to pay $740.00 per week as agreed under the terms of the Equipment Lease signed in 1998, and Defendants have refused to renegotiate the lease's terms.

///

---

[4] The factual assertions in this section are based on the allegations in Plaintiffs' First Amended Complaint (ECF No. 18) unless otherwise specified.

As an IHOP franchisee, Plaintiff is permitted to apply for the Development Impact Assistance Program ("DIAP"). The DIAP provides monetary aid to an affected existing franchisee when a new IHOP restaurant opens within a specified proximity to the existing restaurant. Plaintiff allegedly qualified for, but was denied eligibility in, the DIAP due to discriminatory practices by Defendants, while another nearby IHOP restaurant was granted eligibility.

In July 1998, as part of the franchise transaction, Plaintiff entered into a Property Sublease Agreement for rental of the restaurant premises. Under the Sublease, Plaintiff is obligated to pay the real estate property taxes on the property. In March 2008, the real property upon which the restaurant rests was sold to a third party not a party to this suit, while Defendants remained the sublessor under Plaintiff's sublease ("sale/leaseback"). Due to the sale, real estate taxes on the property more than doubled. Defendants passed-through the increased taxes to Plaintiff, in violation of the implied covenant of good faith and fair dealing.

**STANDARD**

**A.   Motion to Dismiss Under Rule 12(b)(6)**

A party may seek dismissal of a claim if the pleadings are insufficient because they fail to state a claim upon which relief may be granted.

///

///

4

1  On a motion to dismiss for failure to state a claim under Rule
2  12(b)(6), "all allegations of material fact must be accepted as
3  true and construed in the light most favorable to the nonmoving
4  party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38
5  (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain
6  statement of the claim showing that the pleader is entitled to
7  relief," in order to "give the defendant fair notice of what
8  the...claim is and the grounds upon which it rests." Conley v.
9  Gibson, 355 U.S. 41, 47 (1957).
10      Although "a complaint attacked by a Rule 12(b)(6) motion to
11 dismiss does not need detailed factual allegations, a plaintiff's
12 obligation to provide the grounds of his entitlement to relief
13 requires more than labels and conclusions, and a formulaic
14 recitation of the elements of a cause of action will not do."
15 Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
16 citations and quotations omitted).  "Factual allegations must be
17 enough to raise a right to relief above the speculative level."
18 Id. (citing 5 C. Wright & A. Miller, Federal Practice and
19 Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain
20 something more...than...a statement of facts that merely creates
21 a suspicion [of] a legally cognizable right of action.")  If the
22 "plaintiffs...have not nudged their claims across the line from
23 conceivable to plausible, their complaint must be dismissed."
24 Twombly, 550 U.S. at 570.
25 ///
26 ///
27 ///
28 ///

5

1    If the court grants a motion to dismiss, it must then decide
2 whether to grant leave to amend.  Rule 15(a) authorizes the court
3 to "freely give[]" leave to amend when there is no "undue delay,
4 bad faith[,] dilatory motive on the part of the movant,...undue
5 prejudice to the opposing party by virtue of...the amendment,
6 [or] futility of the amendment...."  <u>Foman v. Davis</u>, 371 U.S.
7 178, 182 (1962).  Generally, leave to amend is only denied when
8 it is clear that the deficiencies of the complaint cannot be
9 cured by amendment.  <u>DeSoto v. Yellow Freight Sys., Inc.</u>,
10 957 F.2d 655, 658 (9th Cir. 1992) (quoting <u>Schreiber Distrib. Co.
11 v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).

13    **B.   Motion to Strike Under Rule 12(f)**

15    The Court may strike "from any pleading any insufficient
16 defense or any redundant, immaterial, impertinent, or scandalous
17 matter."  Fed. R. Civ. P. 12(f).  The "function of a 12(f) motion
18 to strike is to avoid the expenditure of time and money that must
19 arise from litigating spurious issues by dispensing with those
20 issues prior to trial...."  <u>Sidney-Vinstein v. A.H. Robins Co.</u>,
21 697 F.2d 880, 885 (9th Cir. 1983).  "Immaterial matter is that
22 which has no essential or important relationship to the claim for
23 relief or the defenses being pleaded."  <u>Fantasy, Inc. v. Fogerty</u>,
24 984 F.2d 1524, 1527 (9th Cir. 1993) (<u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>
25 <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994)) (internal
26 citations and quotations omitted).
27 ///
28 ///

Matter that is impertinent "consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal citations and quotations omitted).

**ANALYSIS**

Plaintiff brings suit on behalf of himself and others similarly situated, alleging unfair competition, accounting, and breach of contract. The issues before the Court are (1) whether to dismiss the claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted; and (2) whether to strike improper requests for relief under Rule 12(f).

**B.  Motion to Dismiss Under Rule 12(b)(6)**
    **1.  Violation of Unfair Competition: Equipment Lease**

California Business & Professions Code § 17200 *et seq.*, more commonly known as California's Unfair Competition Law ("UCL"), defines unfair competition as "any unlawful, unfair or fraudulent business act or practice. The statute of limitations for a UCL claim is four years from the date the cause of action accrued. Cal. Bus. & Prof. Code § 17208. In California, the standard for determining the date a cause of action accrues on a UCL claim is currently unsettled law.

Some federal and California state courts have ruled that the statute of limitations for unfair competition claims begins to run on the date of accrual.
///

7

1  Karl Storz Endoscopy Am., Inc. v. Surgical Tech., Inc., 285 F.3d
2  848, 857 (9th Cir. 2002); Salenga v. Mitsubishi Motors Credit of
3  America, Inc., 183 Cal. App. 4th 986, 996 (2010).  The "date of
4  accrual" standard examines the date when all elements of the
5  cause of action are present to determine when the statute of
6  limitations begins to run.  Fox v. Ethicon Endo-Surgery, 35 Cal.
7  4th 797, 806 (2005).

8      Other federal and California state courts have declined to
9  follow this standard, holding that the statute of limitations for
10 unfair business claims tolls until "a reasonable person would
11 have discovered the factual basis for a claim."  Broberg v.
12 Guardian Life Ins. Co. Of Am., 171 Cal. App. 4th 912, 920-21
13 (2009). See also Betz v. Trainer Wortham & Co., 236 Fed. Appx.
14 253, 256 (9th Cir. Cal. 2007), Burdick v. Union Sec. Ins. Co.,
15 No. 07-4028, 2009 U.S. Dist. WL 4798873 at *10 (C.D. Cal. Dec. 9,
16 2009).  To successfully invoke the discovery rule, a plaintiff
17 must plead facts that demonstrate (1) the time and manner of the
18 delayed discovery; and (2) that Plaintiff, despite reasonable
19 diligence, was incapable of making an earlier discovery.  Kelley
20 v. Countrywide Home Loans, No. 09-1148, 2009 WL 3489422, at *5
21 (E.D. Cal. Oct. 26, 2009) (citing Fox, at 808).

22     The California Supreme Court itself has explicitly stated
23 that California law is unsettled on this point.  Grisham v.
24 Philip Morris U.S.A., Inc., 40 Cal. 4th 623, 635 n.7 (2007).[5]
25 ///

---

[5] Recently, the California Supreme Court granted petition for review to the previously cited Aryeh v. Canon Business Solutions, Inc., 185 Cal. App. 4th 1159 (2010), and may resolve this discrepancy.

8

This Court finds it unnecessary to address the issue, as it holds that the claim fails to meet the statute of limitations, regardless of which standard is applied. The date each of the three agreements was signed by both parties was July 8, 1998.

Plaintiff argues that Defendants are in violation of the UCL because Plaintiff continues to owe $740.00 per week under the terms of the Equipment Lease, even after replacing Defendants' equipment with equipment that Plaintiff either owns outright or leases from a third party not a party to this suit. Plaintiff argues that Defendants have no right to collect monies on equipment they no longer own. As a threshold matter, the Court must determine whether this claim was brought within the requisite four-year statute of limitations.

Under the "date of accrual" standard, Plaintiff's claim fails because it is based exclusively on actions that were taken pursuant to the terms of the contracts at issue, and all elements of this cause of action were present at the time each contract was signed by both parties. Though Plaintiff alleges he did not sustain the claimed loss until 2008, continued payment of the weekly equipment lease for a term of twenty-five years was explicitly stated, or incorporated by reference, in each of the three agreements. Thus, each element was present at the time of signing. In applying the "date of accrual" standard, the statute of limitations expired in 2002, which was a full six years before this claim was brought. To hold otherwise under this standard, would permit a party to profit from an advantageous contract, and then be released from performance once an unfavorable, if explicitly stated, provision finally manifests itself.

9

Similarly, Plaintiff's claim fails under a "discovery rule" standard. As noted above, the Sublease and Equipment Lease agreements required a $740 weekly payment to be made through the end of the twenty-five year term, and that Plaintiff, at his sole cost, must refurbish, remodel and improve the restaurant every five years. A reasonable person in Plaintiff's position, having done due diligence, would have discovered these facts on the date he signed the agreements. Indeed, on the facts pled, Plaintiff would be manifestly unreasonable to presume none of the equipment listed in the Equipment Lease, including glasses, waffle makers, and even larger equipment such as ovens, would need to be replaced in the span of twenty-five years. Likewise, Plaintiff's argument that each payment made after Defendants' initial equipment was replaced re-sets the statute of limitation fails because each of those payments was expressly provided for in the agreements signed in 1998. Plaintiff has not explained why he was incapable of making this discovery before 2008. On the facts pled, a reasonable person would have discovered the factual basis for this claim on the date the agreements were signed by both parties in 1998. Thus, the "date of discovery" standard also causes the statute of limitations to expire in 2002.

Though the law remains unsettled as to when the statute of limitations should begin to run in an unfair competition claim, this Court finds that, regardless of the standard applied, and on the facts pled in the First Amended Complaint, Plaintiff's claim falls outside the appropriate time frame to bring a suit. Defendants' Motion to Dismiss Plaintiff's first cause of action for unfair competition regarding lease of equipment is granted.

10

**2.   Violation of Unfair Competition: DIAP**

Plaintiff claims he was discriminated against when Defendants denied him benefits under the DIAP, in violation of the UCL.  Defendants argue that Plaintiff has not shown an entitlement to DIAP program, or discrimination against himself or other qualified franchisees, or any unlawful, fraudulent or unfair business act or practice. (Defs.' Mot. Dismiss First Am. Compl. 12-14.)  Additionally, they argue Plaintiff did not state with reasonable particularity the facts or circumstances supporting a claim for fraud under the heightened pleading standard of Rule 9(b). (Id. at 14.)

Plaintiff has pled enough facts to suggest that an unlawful or unfair business practice may have occurred.  However, Plaintiff's First Amended Complaint has not remedied the remaining defects in his initial complaint.  The record contains little or no information as to the DIAP program, when Plaintiff applied for assistance, details about the application and denial process, why he is entitled to funding, and how he is similarly situated with the "favored" franchisees who did receive DIAP assistance.  Nothing material was added to the First Amended Complaint in these areas, and the Court cannot determine from where to toll the statute of limitations, or whether Plaintiff's allegation of discrimination is "plausible" under Twombly.  Thus, Defendants' Motion to Dismiss Plaintiff's third claim for unfair competition regarding DIAP is granted.

///

///

11

**3.   Breach of Contract: Sublease**

In July 1998, Plaintiff entered into the Sublease Agreement with Defendants for rental of the restaurant premises.  In March 2008, the real property upon which the restaurant rests was sold, and as a consequence of that sale, real estate taxes on the property more than doubled.  According to Plaintiff, a "new" Master Lease reflected the March 2008 sale.  Defendants then passed-through the increased taxes to Plaintiff in accordance with ¶ 2.2 of the Sublease, which requires Plaintiff to pay for all real property taxes levied or assessed against the premises. Plaintiff argues that the subordination clause provision at ¶ 9.1 of the Sublease prohibits Defendants from passing-through these real estate tax increases to Plaintiff under the "new" lease because it materially increased his obligation under the lease by more than doubling his payments.

In the original complaint, the Court denied Defendants' Motion to Dismiss the claim for breach of contract.  However, Plaintiff has not pled facts demonstrating that a new lease was in fact issued that supplanted the Master Lease.  Nor has Plaintiff pled sufficient facts that indicate Defendants took any action that caused Plaintiff's tax obligations to increase as they did.  ¶ 9.1 of the Sublease applies only if a "New Lease" made by Sublandlord (Defendant, IHOP Properties) substitutes the original Master Lease in connection with any sale or sale/leaseback transaction of the premises.

///

///

12

Plaintiff need not show that Defendants were involved directly in the sale as the agreement only requires that the "New Lease" be in connection with any sale or sale/leaseback. However, Plaintiff must show that this transaction actually created a new, duly executed Master Lease that substituted the original Master Lease. (See terms of the Sublease, First Am. Compl. Ex. B ¶ 9.1.) Because Plaintiff has not pled enough facts to demonstrate that a breach occurred, Defendants' Motion to Dismiss Plaintiff's fourth claim for breach of contract is granted.

### 4.   Violation of Unfair Competition: Pass-Through of Increased Tax Obligations

Plaintiff alleges that Defendants violated their duty to refrain from illegal, fraudulent, misleading, deceptive, unconscionable, or unfair business practices prohibited by the UCL. According to Plaintiff, the increased property tax obligations are "contrary to the terms of the agreements in question," and that he was deceived by Defendants' representations in the Sublease that this practice was prohibited. Defendants reiterate that Plaintiff has not properly alleged a breach of contract, and even if he did, breach alone cannot be the basis for a UCL claim. (Defs.' Mot. to Dismiss First Am. Compl. 18.) Defendants additionally argue that this claim is barred by the statute of limitations. (Id. 17-18.)
///
///
///
///

13

Plaintiff has pled sufficient facts to suggest an unlawful or unfair business practice may have occurred. However, since Defendants deny Plaintiff's assertion that a "new" lease was entered into as of 2008, Plaintiff must plead more facts to show that a new lease did, in fact, substitute the original Master Lease. (See supra I.3.) Without more, the Court cannot determine when the statute of limitations has run, or whether Plaintiff has a valid claim. Defendants' Motion to Dismiss Plaintiff's fifth claim for unfair competition regarding pass-through of increased tax obligations is granted.

**B.     Motion to Strike Under Rule 12(f)**

Defendants' Motion to Strike asks the court to disallow Plaintiff's request for restitution and disgorgement as relief for Defendants' failure to allow Plaintiff participation in DIAP. Since Defendants' Motion to Dismiss this cause of action was granted, Defendants' Motion to Strike is now moot.

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 21) is GRANTED with leave to amend.[6] Defendants' Motion to Strike (ECF No. 28) is DENIED as moot. Plaintiff's Motion to Extend Page Limits (ECF No. 25) is also DENIED as moot.

---

[6] Plaintiff's claim for an accounting still stands, pursuant to the Court's previous order (ECF No. 17.)

14

Plaintiff may file an amended complaint not later than twenty (20) days after this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, the Court will dismiss Plaintiff's claims without further notice and without leave to amend.

IT IS SO ORDERED.

Dated: February 10, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE