1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   SULTAN HAMEED, individually        No. 2:10-cv-02276-MCE-CMK
     and on behalf of those
12   similarly situated,

13          Plaintiffs,

14      v.                              <u>ORDER</u>

15   IHOP FRANCHISING, LLC;
     et al.,
16
            Defendants.
17

18                      ----oo0oo----

19

20       This Court dismissed Plaintiff's First Amended Complaint

21   (ECF No. 18) and granted Plaintiff twenty days to amend his

22   complaint in accordance with the Memorandum and Order.  (ECF

23   No. 32.)  Plaintiff instead filed a Declination to Amend First

24   Amended Complaint and Request for Judgment Pursuant to the

25   Federal Rules of Civil Procedure 54(b).[1]  (ECF No. 33.)

26   ///

27   ─────────────────────

28          [1]  All further references to "Rule" or "Rules" are to the
     Federal Rules of Civil Procedure unless otherwise noted.

                               1

1   Defendants have filed a Proposed Final Judgment (ECF No. 35) in
2   response, requesting dismissal of Plaintiff's first, third,
3   fourth, and fifth claims with prejudice for failure to file an
4   amended complaint within twenty days, and dismissal of the second
5   claim with prejudice pursuant to Rule 41(a)(1)(A)(i).  For the
6   reasons set forth below, this Court declines to dismiss under
7   Rule 54(b), and instead dismisses Plaintiff's first, third,
8   fourth, and fifth claims pursuant to Rule 41(b), and Plaintiff's
9   second claim pursuant to Rule 41(a)(2).

10      Rule 54(b) allows a district court to direct an entry of
11  final judgment on one or more claims, and certify an immediate
12  appeal of those claims.  Federal Rules of Civil Procedure, Rules
13  and Commentary Rule 54(b).  The original intent behind Rule 54(b)
14  was to promote judicial efficiency by permitting an appeal of
15  adjudicated claims that are separate and distinct from the
16  remaining unresolved claims.  Id.  Under Rule 54(b), Plaintiff
17  need not wait for a final decision on unrelated claims before
18  proceeding with an appeal.  Id.  A judge may not grant dismissal
19  pursuant to Rule 54(b) unless three requirements are met: (1) the
20  case must include multiple claims; (2) the trial judge must
21  render a final decision on at least one, but not all, of those
22  claims; and (3) the trial judge must determine that there is no
23  just reason to delay the appeal of the adjudicated claims.  Id.

24      Plaintiff's claims easily meet the first two requirements
25  for Rule 54(b) dismissal.  The present action consists of five
26  claims, which satisfies the first requirement for multiple
27  claims.
28  ///

Because Plaintiff has declined to amend his complaint, this Court will render a final judgment on the dismissed claims in satisfaction of the second requirement.  As to the third requirement however, this Court cannot find that there is no just reason to delay the appeal of the adjudicated claims.

A determination that there is no just reason to delay turns on "separateness."  Id.  While no bright-line rule defines "separate" for the purposes of Rule 54(b), in general, courts look to practical factors such as whether the claims involve common legal issues, common facts, or overlapping relief.  Id. Claims representing only alternate legal theories based on a common set of facts do not constitute separate claims for which certification under Rule 54(b) is appropriate.  Hasbrouck v. Sheet Metal Workers Local 232, 586 F.2d 691, 694 (9th Cir. 1978). While some overlap of facts is permitted between the claims, "[a] similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)]...."  Wood v. GCC Bend, LLC, 422 F.3d 873, 882 (9th Cir. 2005) (citing Morrison-Knudsen Co., Inc. v. Archer 655 F.2d 962, 965 (1981)).  The Ninth Circuit has explained that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason."  Id.

In balancing the interests of justice for a Rule 54(b) dismissal, a court must also consider judicial administrative interests to assure that Rule 54(b) effectively "preserves the historic federal policy against piecemeal appeals."  Id. at 878.
///
///

3

1  The possibility of duplicative proceedings implicates sound

2  judicial administration, and Rule 1 mandates that courts construe

3  the Federal Rules "to secure the just, speedy, and inexpensive

4  determination of every action." Id. at 882-83.

5      The interests of judicial administration disfavor severing

6  claims for appeal which have interlocking facts with the

7  remaining claims in a relatively routine breach of contract case.

8  Plaintiff's claim for accounting cannot be resolved without

9  deciding issues of fact which would necessarily be decided

10  separately in the dismissed claims Plaintiff wishes to appeal to

11  the Ninth Circuit.  Plaintiff's proposed order would lead to

12  piecemeal litigation in stark opposition to the policy of

13  Rule 54(b).  Plaintiff has not offered any "seriously important

14  reason" to support its contention that there is no just cause to

15  delay the appeal, or that these interwoven claims should be

16  severed.  Because the accounting claim is based entirely on the

17  same set of facts underlying the dismissed claims, this Court

18  finds that the claims are not separate.  As such, ample "just

19  cause" exists to delay the appeal of the first, third, fourth,

20  and fifth claims, and dismissal pursuant to Rule 54(b) is

21  inappropriate.

22      Though this Court declines to dismiss pursuant to

23  Rule 54(b), another basis for dismissal is proper.  Plaintiff was

24  granted twenty days from the date his First Amended Complaint was

25  dismissed on February 10, 2011 to further amend the complaint in

26  accordance with this Court's Order.  (ECF No. 32.)  Plaintiff has

27  declined the opportunity to amend, and thus, this Court considers

28  the dismissed claims abandoned.

1  Pursuant to Rule 41(b), these four claims are subject to
2  involuntary dismissal for failure to prosecute or to comply with
3  a court order.  Plaintiff has expressly stated his desire to
4  discontinue litigation and pursue an appeal.  Therefore, the
5  first, third, fourth, and fifth claims are dismissed with
6  prejudice.  Dismissal pursuant to Rule 41(b) shall operate as an
7  adjudication on the merits.

8       As to the fate of Plaintiff's second claim for accounting,
9  though it survived Defendants' previous Motion to Dismiss (ECF
10 No. 21), Plaintiff has requested that this Court dismiss this
11 claim as well.  Rule 41(a)(2) grants district courts the
12 authority to dismiss an action at a plaintiff's request on terms
13 that the court considers proper.  A district court should grant a
14 plaintiff's request for voluntary dismissal under Rule 41(a)(2)
15 unless a defendant can show that it will suffer legal prejudice
16 as a result.  Smith v. Lenches, 263 F.3d 972, 975 (9th Cir.
17 2001).  The court retains discretion to dismiss an action under
18 Rule 41(a)(2) either with or without prejudice taking into
19 consideration whether it would be inequitable or prejudicial to
20 defendant to allow plaintiff to refile the action.  Altman v. HO
21 Sports Co., Inc., 75 Fed. R. Serv. 3d 98, *2 (E.D. Cal. 2009).

22      Defendants have not objected to Plaintiff's request for
23 dismissal of the second claim for accounting, but instead propose
24 that the dismissal be with prejudice.  While dismissal under
25 Rule 41(a)(2) is typically granted without prejudice, this Court
26 finds that such a determination would be both inequitable and
27 prejudicial to Defendants.  Plaintiff has explicitly stated that
28 he intends to appeal dismissal of the other four claims.

1   To permit Plaintiff to refile the accounting claim in the
2   district court while appealing his other factually identical
3   claims to the Ninth Circuit would not only allow piecemeal
4   litigation, but it would also create an unfair prejudice to
5   Defendants as they may be required to litigate the same matter in
6   two separate courts.  In fairness to Defendants, and to leave the
7   present action in one piece, this Court dismisses the remaining
8   accounting claim with prejudice pursuant to Rule 41(a)(2).
9
10                              **CONCLUSION**
11
12       Based on the foregoing, Plaintiff's Declination to Amend
13   First Amended Complaint and Request for Judgment Pursuant to
14   F.R.C.P. 54(b)(ECF No. 33) is GRANTED in part.  Plaintiff's
15   First, Third, Fourth, and Fifth claims are dismissed with
16   prejudice pursuant to Rule 41(b), and Plaintiff's Second claim is
17   dismissed with prejudice pursuant to Rule 41(a)(2).  The Clerk is
18   ordered to close the case.
19       IT IS SO ORDERED.
20
     Dated: March 31, 2011
21
22
23                              _____
                                MORRISON C. ENGLAND, JR.
                                UNITED STATES DISTRICT JUDGE
24
25
26
27
28

                                    6