UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SULTAN HAMEED, | No. 2:10-cv-02276-MCE-CMK |
| Plaintiff, | |
| v. | **ORDER** |
| IHOP FRANCHISING, LLC, et al., | |
| Defendants. | |

Presently before the Court is a Notice of Related Cases.  ECF No. 47.  For the reasons that follow, the Court finds that although this action is related to IHOP Franchising, LLC v. Hameed, 2:14-cv-01752-TLN-CKD, under Local Rule 123(a), reassignment of that action is unwarranted.

Plaintiff Sultan Hameed ("Hameed") filed his complaint in this action in August 2010.  The Court subsequently granted Defendant IHOP's motion to dismiss with leave to amend.  Hameed, however, declined to amend his complaint, and the Court ordered the case closed in March 2011.  The Ninth Circuit affirmed the Court's granting of the motion to dismiss in May 2013.

In July 2014, IHOP filed a complaint against Hameed alleging trademark infringement.  That case was assigned to Eastern District Court Judge Troy L. Nunley.  In February 2015, the assigned district court judge granted IHOP's motion for a

preliminary injunction. It was not until April 2015, however, that IHOP filed the present Notice of Related Cases. Cf. E.D. Cal. Local Rule 123(b) ("Counsel who has reason to believe that an action on file or about to be filed may be related to another action on file (whether or not dismissed or otherwise terminated) shall promptly file in each action and serve on all parties in each action a Notice of Related Cases.") (emphasis added).

Under Local Rule 123(a), actions are related when they "involve the same parties and are based on the same or a similar claim," or when they "involve the same property, transaction, or event."[1] The present action and IHOP Franchising, LLC v. Hameed are certainly related: not only do both actions involve the same parties, but both actions are based on the same franchise agreement and sublease.

Nevertheless, reassignment of the actions is unwarranted because reassigning IHOP Franchising, LLC v. Hameed to the undersigned is not "likely to effect a savings of judicial effort or other economies." E.D. Cal. Local Rule 123(c). Not only did the undersigned order this case closed more than four years ago, but the judge currently assigned to IHOP Franchising, LLC v. Hameed recently issued an order granting IHOP's motion for a preliminary injunction (an order that requires a strong understanding of the underlying facts and legal dispute). Accordingly, reassigning IHOP Franchising, LLC v. Hameed to the undersigned would not effect a savings of judicial effort or other economies.

Thus, although the cases are related, the Court declines to reassign IHOP Franchising, LLC v. Hameed, 2:14-cv-01752-TLN-CKD to the undersigned pursuant to Local Rule 123(c).

IT IS SO ORDERED.

Dated: May 11, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Although Local Rule 123(a) provides additional circumstances in which actions might be related, none are inapplicable here.